**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Monica E. Gonzalez-Lopez, et al<br><br>**Plaintiffs,**<br><br>v.<br><br>Municipality of San Juan, et al<br><br>**Defendants.** | **CIVIL NO. 23-1278 (RAM)** |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs Monica E. Gonzalez-Lopez and Jose L. Rodriguez-Sanchez (collectively, "Plaintiffs")'s *Motion in Limine to Preclude the Testimony of Janeliz Rodriguez* ("*Motion in Limine*"), requesting that the Court strike a brief statement in the report of Janeliz Rodriguez ("Rodriguez"), an expert for Defendants Municipality of San Juan, Mayor Miguel A. Romero-Lugo, Commissioner Juan J. Garcia, Alberto Robles-Concepcion, and Emmanuel Ramos-Pabon (collectively, "Defendants"). (Docket No. 241). In the challenged statement, Rodriguez describes a "long and dark object" as "consistent with being a long weapon or rifle." (Docket No. 241-1 at 7). Defendants respond that the objective of Rodriguez's expert report is analyzing the entire video, that her statement is a narrow and qualified description of what was visible in the image, and that Rodriguez is qualified to

identify an object as consistent with a long weapon. (Docket No. 252).

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. Specifically, Fed. R. Evid. 702 establishes that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Pursuant to Rule 702, trial judges are tasked with "ensuring that an expert's testimony both rests on reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). When applying this rule, judges must assume the "role of gatekeepers to screen expert testimony that although relevant, was based on unreliable scientific methodologies." González-Pérez v. Gómez-Águila, 296 F.Supp.2d 110, 113 (D.P.R. 2003) (citing Daubert, 509 U.S. at 597) ("[p]ertinent evidence based on scientifically valid principles will satisfy those demands"). When assessing the reliability of expert

testimony, trial courts can consider the following factors discussed in Daubert: (1) whether the expert's theory or technique is generally accepted as reliable in the scientific community; (2) whether the theory or technique in question can be, and has been, tested; (3) whether the theory or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the theory or technique. Daubert, 509 U.S. at 588-594.

On the other hand, Federal Rule of Evidence 701 governs the admissibility of lay witness testimony. It limits such testimony to opinions rationally based on the witness' perception, helpful to understanding testimony or a fact in issue, and not based on the kind of specialized knowledge needed for expert witness testimony under Federal Rule of Evidence 702. Fed. R. Evid. 701.

In the case at bar, the Court finds that Rodriguez's description of a "long and dark object" as "consistent with being a long weapon or rifle," (Docket No. 241-1 at 7), is admissible because Rodriguez is qualified to so characterize the object on account of her qualifications in forensic video analysis and criminal justice and her work experience as a detective and investigator. Moreover, even assuming Rodriguez was not an expert, her testimony regarding the object is unremarkable and perception-based observation, which the case law permits even lay witnesses to offer.

<u>First</u>, for the purpose of this *Motion in Limine*, the Court finds that Defendants have shown that Rodriguez possesses the qualifications and work experience necessary to analyze the video in question and to make the comparison challenged by Plaintiffs. In particular, Rodriguez possesses a Bachelor's in Criminal Justice; a private detective certification from a forensic college at which she now teaches; numerous certificates in evidence analysis, evidence handling, forensics, and forensic photography; over fourteen years of work experience, including in analyzing security camera videos; several licenses as a private investigator; and experience in at least three federal court cases involving the forensic analysis of videos and photos. (Docket Nos. 241-2 at 1-4, 252 at 5-6). In light of these extensive and relevant qualifications and work experience, the Court is satisfied that Rodriguez is qualified, by virtue of her "knowledge, skill, experience, training, or education," to offer her opinions within the scope of her forensic video analysis--including as to her comparison of an object in the video to a weapon. Fed. R. Evid. 702. Rodriguez's background is directly relevant to reviewing recorded footage, enhancing its observable features, describing them in a disciplined, forensic manner, and comparing visual characteristics such as shape, length, and silhouette to objects like weapons or rifles.

Second, the characterization of a "long and dark object" as "consistent with being a long weapon or rifle" is admissible as a run-of-the-mill observation about the object's purported visible shape and silhouette. (Docket No. 241-1 at 7). The statement challenged by Plaintiffs does not identify technical specifications such as make, model, operability, or any other such ballistics-based assertions. Id. This sort of ordinary description is rationally based on perception, in line with the strictures of even Fed. R. Evid. 701. Moreover, the fact that the statement includes the qualified phrase "consistent with"--in place of a more definite assertion that the "long and dark object" is certainly a weapon--further militates in favor of admitting it. *See* (Docket No. 252 at 5-6).

The case law supports this understanding. For instance, in United States v. Martinez-Armestica, the First Circuit required an expert in firearms to possess specialized knowledge only for the task of picking a comparator gun from the FBI's reference firearms collection. 846 F.3d 436, 445 (1st Cir. 2017). The First Circuit described the expert's other inference of matching the comparator gun to firearms in photographs as "a simple task," requiring no more than "a visual comparison of two photographs," for which "the district court did not have to consider technical data, such as the method's error rate or whether it had been subjected to peer review, in order to make its reliability determination." Id.

Rodriguez's comparison is even less objectionable, as it is between the pictured object and a weapon's silhouette in general. Out-of-circuit courts have similarly routinely permitted witnesses to testify that objects in videos and photographs appear to be firearms, without requiring showings of expertise or the use of specialized methodologies. *See, e.g.*, <u>United States v. Houston</u>, 813 F.3d 282, 292 (6th Cir. 2016) (permitting a witness to identify firearms--even specific firearm models--based on his general familiarity with them); <u>United States v. Thornhill</u>, 667 F. App'x 310, 311 (2d Cir. 2016) (allowing a lay witness to testify that an object appeared to him to be a pistol); <u>United States v. Brewer</u>, 36 F.3d 266, 271 (2d Cir. 1994) (allowing a lay witness to describe a firearm as a "machine gun").

Thus, Rodriguez's proffered expert testimony is admissible. For the reasons set forth herein, Plaintiffs' *Motion in Limine* at Docket No. 241 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 28th day of January 2026.

<u>S/ RAÚL M. ARIAS-MARXUACH</u>
United States District Judge