**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Monica E. González-Lopez, et al<br><br>**Plaintiffs,**<br><br>v.<br><br>Municipality of San Juan, et al<br><br>**Defendants.** | **CIVIL NO. 23-1278 (RAM)** |

<u>**OPINION & ORDER**</u>

Pending before the Court are four filings by Defendants Alberto Robles-Concepcion ("Robles"), Emmanuel Ramos-Pabón ("Ramos"), the Municipality of San Juan (the "Municipality"), Mayor Miguel Romero, and former Commissioner Juan J. García (collectively, the "Defendants"), all arguing that various motions should be stricken and that the Court ought to deem Defendants' summary judgment filings "unopposed." More specifically, all Defendants filed a *Motion to Strike* at Docket No. 306 and a second *Motion to Strike* at Docket No. 314. Moreover, Ramos filed a *Motion Opposing Amendment of Complaint* combined with a *Motion to Strike* at Docket No. 330. Lastly, Robles filed yet another *Motion to Strike* at Docket No. 340.

The Court **DENIES** in their entirety Defendants' *Motions to Strike* at Docket Nos. 306, 314, and 340. The Court **DENIES IN PART**

and **GRANTS IN PART** Ramos' *Motion to Strike* at Docket No. 330 and **RESERVES** its amendment-through-argument issues for later adjudication.

## I.    THE PROCEDURAL IMPASSE

The suit arises from the tragic death of Plaintiffs Monica E. González-Lopez and José L. Rodríguez-Sanchez (collectively, "Plaintiffs")'s son, Christian José Rodríguez-González, who was shot and killed during a police chase carried out by Robles and Ramos on July 15, 2022. (Docket No. 52 ¶ 15). Plaintiffs filed suit on May 30, 2023, and then filed an *Amended Complaint* on September 18, 2024. (Docket Nos. 1 and 52). However, the present dispute has nothing to do with the merits of the case and everything to do with a head-spinning filing dispute. In brief, the current docket impasse stems from Defendants having chosen to file *Replies* to Plaintiffs' *Responses* before some of the material relevant to the *Responses* was actually refiled. *See* (Docket Nos. 200, 201, 202, 204, 272).

On November 24, 2025, Defendants moved for summary judgment in three separate filings. (Docket Nos. 209, 224, 226). On December 7, 2025, Plaintiffs filed sealed versions of three *Responses* to Defendants' three *Motions for Summary Judgment*, as well as two additional docket entries purporting to contain exhibits. (Docket Nos. 255, 256, 257, 258, 259).

On the same day, Plaintiffs sent Defendants an email that included many, but not all, of the documents filed under seal. (Docket No. 369). While Plaintiffs submitted their briefing and Statement of Facts to Defendants, they acknowledge now that they inadvertently did not attach the exhibits. Id. at 2 ("[h]owever, we mistakenly did not send copy to the codefendants of the exhibits filed with restrictions at DE258, which supported our Statement of Facts in opposition to codefendants' summary judgment motions"). Moreover, Plaintiffs apparently failed to precisely identify which docket entry each email attachment corresponded to. *See* (Docket No. 306 at 1-2).

The Court does not condone Plaintiffs' counsel's piecemeal and imprecise filing practices, which certainly bear some responsibility for complicating an already dense procedural posture. Nevertheless, given the attachments' file names and contents, identifying the corresponding docket entry should have been a largely intuitive exercise. *See* (Docket No. 311 at 2) ("each document contains a self-explanatory title"). As a matter of fact, Defendants did successfully discern the appropriate docket referent of each document for which an entry existed, as outlined in their first *Motion to Strike*. Id. at 1-3. Moreover, while Plaintiffs failed to email the exhibits to Defendants, Defendants would have been able to infer from the exhibit names on PACER that they were largely a duplication of the attachments to Plaintiffs'

Civil No. 23-1278 (RAM)                                                    4

summary judgment filing at Docket No. 216. That Defendants could derive this information via PACER is evident, for example, in the Municipality's explanation of how it set about replying to Plaintiffs' incomplete *Opposition*. (Docket No. 293 at 2-4).

At this point, Plaintiffs' faulty filing sequence produced the present procedural logjam. Plaintiffs advised the Court in a same-day filing that two of their sealed submissions, including of the exhibits relevant to all three of their responses, need not have been filed under seal. (Docket No. 260). The Court granted them leave to refile these documents by December 19, 2025. (Docket No. 272). Unfortunately, this new deadline of December 19 conflicted with Defendants' obligation to file their *Replies* to the *Responses* by December 17. *See* (Docket Nos. 200, 201, 202, 204).

Defendants chose not to bring this timing conflict to the Court's attention. Defendants did not seek a short extension that would have allowed them to review the refiled Statement of Facts and Plaintiffs' version of the exhibits--which were largely a duplication of their summary judgment exhibits anyway.

Instead, Defendants simply filed their *Replies* on December 17, 2025. (Docket Nos. 287, 289, 290, 291, 293, 294). Therein, they occasionally argue that Plaintiffs' sealed filings and incomplete service deprive them of the benefit of clearly being able to tell which exhibits are referred to. Id. That difficulty, while real in a limited way, did not arise from a total ignorance

of the filings that Defendants now feign. It emerged from Defendants' conscious choice to proceed with their *Replies* while aware that the Court had afforded their adversaries a new refiling deadline.

## II.  DISCUSSION

### A.    The *Motion to Strike* at Docket No. 306

Defendants request that "this Honorable Court should not consider the documents filed in **Docket No. 301** in its evaluation of Codefendant's [sic] Replies since, at the moment those replies were drafted and due, the codefendants had not been notified of said documents." (Docket No. 306 at 4) (emphasis in original).

The Court approaches Defendants' requests with an eye toward resolving the procedural impasse in an efficient and just manner and in the exercise of its broad docket management authority. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016). The Court has reviewed the exhibits submitted by Plaintiffs in compliance with the December 19 deadline for the refiling of Docket No. 258. (Docket No. 301). They are largely identical to documents already a part of the record of the case. For instance, the deposition of Commissioner García at Docket No. 301-1 is available in a substantially similar form as an attachment to Plaintiffs' summary judgment filing at Docket No. 216-1. The

Civil No. 23-1278 (RAM)                                                   6

deposition of Captain Juan Jesús Torres-Sánchez at Docket No. 301-2 is available as an attachment to Plaintiffs' summary judgment filing at Docket No. 216-2. The Division of Public Integrity and Office of the Comptroller's Affairs ("DIPAC") report at Docket No. 301-17 is merely a shortened version of the DIPAC report submitted by Defendant Ramos himself at Docket No. 210-8. The same applies to the thirteen other exhibits tacked onto Docket No. 301--each is almost identical to (and often a copy of) an exhibit from Plaintiffs' summary judgment filing at Docket No. 216.

In sum, the exhibits Defendants claim they did not see before filing their *Replies* were largely retrievable from an earlier summary judgment filing. Any differences between the attached documents are minor and not so grave as to require the wholesale striking of Plaintiffs' oppositions. Thus, Defendants' claim that they "had to draft and file [their *Replies*] without being able to review said documents" is overblown. (Docket No. 306 at 4).

Defendants did not suffer material prejudice. Moreover, having elected to press ahead and file *Replies* without seeking a brief extension, they must now live with their choices. The Court **DENIES** Defendants' *Motion to Strike* at Docket No. 306 in its entirety.

B.    **The *Motions to Strike* at Docket Nos. 314, 340**

Defendants have filed multiple motions requesting that Plaintiffs' *Statement of Facts*, uploaded at Docket No. 310, be

stricken. (Docket Nos. 314 at 2-5; 340 at 1-4). According to Plaintiffs, this document was mistakenly excluded from their filing at Docket No. 258. (Docket No. 311 at 2). Nevertheless, Plaintiffs sent it by email to Defendants on December 7, well in advance of their December 17 deadline to file *Replies*. (Docket No. 306 at 1-2). Moreover, Plaintiffs aver that the *Statement of Facts* is, with the exception of five statements (out of 116), the same as the *Statement of Facts* submitted in Plaintiffs' summary judgment filing. (Docket No. 369 at 3-4).

Plaintiffs' counsel was clearly careless in the course of uploading documents to the docket and providing them to Defendants. However, given that no prejudice resulted to Defendants, and given the apparent inadvertence of Plaintiffs' filing error, the Court finds that striking Docket No. 310 would be a disproportionate remedy. Because Docket No. 310 did not inject wholly unknown or surprising material into the record, but rather belatedly formalized a document that had been received by Defendants, the Court **DENIES** Defendants' *Motions to Strike* at Docket Nos. 314 and 340 in their entirety.

### C.    The *Motion to Strike* portion of Docket No. 330

Defendant Ramos requests that various of Plaintiffs' filings be stricken and that he be allowed to join some of his co-defendants' motions. (Docket No. 330). Ramos also appends a *Motion Opposing Amendment of Complaint* to this filing, which contains

merits-based arguments that accuse Plaintiffs of improperly seeking to alter their *Amended Complaint* through summary judgment oppositions. Id. at 1-2. The Court need not resolve the merits argument at this juncture, as it is better addressed in the upcoming disposition of Ramos and Plaintiffs' cross-motions for summary judgment. The Court **RESERVES** the amendment-through-argument issues for later adjudication.

Now to Ramos' procedural objections. As ruled on above, given that no prejudice resulted to Ramos, and given the apparent inadvertence of Plaintiffs' filing error, the Court finds that striking Docket No. 310 would be a disproportionate remedy.

Ramos' requests for: (a) a paragraph in Docket No. 311 to be stricken, and (b) him to be allowed to join portions of other Defendants' *Reply* at Docket No. 300, are both merely additional forms of his amendment-through-argument grievance, so they will be addressed in the upcoming disposition of Ramos and Plaintiffs' cross-motions for summary judgment.

As for the request to strike Docket No. 316, Ramos is correct to point out that it was filed late and "without requesting leave from the Honorable Court and in a clear abuse of Court processes." (Docket No. 330 at 4). The Court's scheduling order at Docket No. 200 established a defined briefing sequence, with posted deadlines for replies and surreplies. It did not authorize parties to contrive a "Supplement to Surreply" filing opportunity out of thin

air. Since Plaintiffs did not seek leave of court for its filing and since it appears to do little more than duplicate arguments that Plaintiffs acknowledge they have made elsewhere, striking Docket No. 316 is appropriate and proportional.

Hence, the Court **DENIES IN PART** and **GRANTS IN PART** Ramos' *Motion to Strike* at Docket No. 330. The request to strike Docket No. 310 is denied; the request to strike Docket No. 316 is granted. The Court **RESERVES** the amendment-through-argument issues for later adjudication. Ramos' request to join the *Motion to Strike* at Docket No. 314 is **DENIED AS MOOT**.

### D.    CONCLUSION

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz, 579 U.S. at 47. In exercising this broad authority, the Court **DENIES** in their entirety Defendants' *Motions to Strike* at Docket Nos. 306, 314, and 340. The Court **DENIES IN PART** and **GRANTS IN PART** Ramos' *Motion to Strike* at Docket No. 330: Ramos' request to strike Docket No. 310 is denied; Plaintiffs' motion at Docket No. 316 is hereby **STRICKEN** from the record; the Court **RESERVES** the amendment-through-argument issues for later adjudication; and Ramos' request to join the *Motion to Strike* at Docket No. 314 is **DENIED AS MOOT**.

While the Court has denied Defendants' bids to strike some filings, it is nevertheless troubled that Plaintiffs' counsel's

disorderly presentation required both opposing counsel and the Court to reconstruct what should have been a straightforward filing sequence. Plaintiffs' counsel shall take considerably greater care in all future submissions in this case.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of April 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge